UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD HETRICK,

   Petitioner,

 v.

WILLIE BOND, et al.

   Respondents.

Civ. No. 17-6284 (RBK)

**MEMORANDUM OPINION**

  Petitioner is a state prisoner currently incarcerated at South Woods State Prison. He is proceeding with a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. After screening the Petition, the Court determined that the Petition was untimely and directed Petitioner to show cause as why the Court should not dismiss the petition as untimely. (ECF No. 3). Petitioner submitted a response and documentation, contending that his mental health issues warrant equitable tolling. At this time, the Court declines to determine whether the Petition is timely but concludes that Petitioner's submissions are sufficient to allow the Petition to proceed beyond the screening stage, at least on the issue of timeliness. 28 U.S.C. § 2244(d)(1).

  The Court may now complete the screening of the Petition. "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4; *see Mayle v. Felix*, 545 U.S. 644, 655 (2005). Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *see also Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008) ("A District Court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief.") (citing 28 U.S.C § 2243).

As is relevant in the present case, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prohibits a district court from granting habeas relief under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002) (citing *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002)). This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

A claim is "fairly presented" when a petitioner presents the claim at all available levels of the state judicial system. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012). A petitioner fails to exhaust if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Stevens*, 295 F.3d at 369. Moreover, the exhaustion doctrine is a "total" exhaustion rule; that is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

2

With those principles in mind, the instant Petition is a mixed petition, presenting two claims which are exhausted and one unexhausted claim. *Britton v. Lanigan*, No. 17-3701, 2019 WL 928415, at *1 (D.N.J. Feb. 26, 2019). More specifically, Petitioner alleges that: (1) he did not have the requisite intent to commit the crimes because of a drug and alcohol induced blackout; (2) the "evidence in [his] case indicates that self-defense explains the facts as well or does manslaughter"; and (3) his plea was not knowing or voluntary because of drug induced incompetence during the plea hearing. (ECF No. 1, at 7–9). Petitioner concedes that he did not exhaust ground three. (*Id*. at 9–10).

Federal district courts may not adjudicate mixed petitions, and instead have four options: "(1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2)." *Barr v. Warden of N.J. State Prison*, No. 15-5797, 2016 WL 589675, at *4 (D.N.J. Feb. 11, 2016); *see also Mahoney v. Bostel*, 366 F. App'x 368, 371 (3d Cir. 2010).

The Court recognizes, however, that if it were to dismiss the Petition without prejudice for lack of exhaustion, there is a chance that the New Jersey state courts could dismiss Petitioner's potential second PCR petition as untimely. *See* N.J. Ct. R. 3:22-12(a)(2) (explaining the time limitations for second or subsequent PCR petitions). Additionally, if the second PCR is untimely, it would not toll the AEDPA statute of limitations. *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999). Nor did the instant Petition toll the AEDPA statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Consequently, Petitioner would likely be time-barred from filing another petition in this Court, under § 2254.

For those reasons, the Court shall give Petitioner the opportunity to do one of the following:

      a. File a motion to stay this proceeding in order that he may exhaust his Unexhausted Claim . . . in state court. In that motion, Petitioner must demonstrate all of the following: (i) that there is good cause why the Court should stay, rather than dismiss, the mixed . . . Petition, (ii) that the . . . Petition sets forth potentially meritorious claims, and (iii) that he has not engaged in intentionally dilatory tactics by failing to exhaust the claims made in the . . . Petition; or

      b. Submit a letter to this Court stating that he wants to dismiss . . . the Unexhausted Claim[] in the . . .Petition and to proceed in this matter only on the Exhausted Claim[s.]

*Britton*, 2019 WL 928415, at *1. If Petitioner fails to file any such motion or letter, the Court may dismiss his Petition as a mixed petition. *Rose*, 455 U.S. at 522. An appropriate order follows.


Dated: March   27  , 2019                              s/Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                          United States District Judge